F I L E D
United States Court of Appeals
Tenth Circuit

JUL 2 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD JESSE LEWIS, M.D.,

    Plaintiff-Appellant,

v.

DEPARTMENT OF HEALTH AND
HOSPITALS, CITY AND COUNTY
OF DENVER,

    Defendant-Appellee.

No. 98-1341
(D.C. No. 97-S-1039)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the district court's grant of summary judgment on his claim brought pursuant to 42 U.S.C. § 1983. Plaintiff applied for jobs at what is now Denver Health Medical Center, which is run by defendant. The hospital did not hire plaintiff; he asserts that the positions were filled before they were advertised. As a result, plaintiff maintains that his due process rights were violated because defendant deprived him of his property interest in fair consideration for prospective employment.

We review the grant of summary judgment *de novo*, applying the same standard as the district court. *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). Federal R. Civ. P. 56(c) dictates that summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See also id.*

A constitutional claim of deprivation of due process depends on the existence of a property or liberty interest. *See Board of Regents v. Roth*, 408 U.S. 564, 576-78 (1972). We determine the existence of a property interest for purposes of a violation of due process by looking to state law. *See Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988). Here, plaintiff claims a property interest in "fair consideration for public employment." Appellant's Br. at 4. Like the district court, we are unable to find any Colorado authority recognizing such a property interest. We decline plaintiff's invitation to recognize a property interest

in fair consideration for prospective employment based on the authority of a single district court case from the Western District of New York, and absent such recognition by Colorado courts. We affirm the district court's grant of summary judgment for substantially the same reasons stated in its order of July 31, 1998.[1]

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] The district court identified several reasons why plaintiff's claim would fail even if it had recognized a property interest in fair consideration for prospective employment, and we agree with the district court's analysis on those points. In addition, we note that plaintiff consistently argued to the district court that defendants failed to adhere to its hiring procedures, which he identified as requiring "advertisement of the position, consideration of applicants who apply within the application period, and ranking of applicants." Appellant's App. at 61 (plaintiff's response to defendant's motion for summary judgment), 81 (plaintiff's supplemental brief in opposition to summary judgment). In his reply brief on appeal, plaintiff argues for the first time that defendant did not adhere to its hiring procedures because the Career Service Authority rules state that recruitment consists of notifying the greatest relevant population of job opportunities. We will not consider this specific argument on appeal because plaintiff did not present this theory to the district court. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.), *opinion amended on other grounds*, 103 F.3d 80 (10th Cir. 1996).

-3-